In March, 1942, plaintiff instituted an action against defendant in the Small Claims Court of Stamford, to recover damages to his car in the amount of $75. The question herein presented is the propriety of defendant effecting a transfer of the case from the small claims docket to the regular civil docket of the Stamford Municipal Court and when this was accomplished effecting another transfer of the case to this court.
Plaintiff concedes that defendant complied with the rules relating to transfer from the small claims docket to the regular *Page 107 
civil docket of the Municipal Court but strenuously contends that the subsequent action of that court in granting defendant's further motion for transfer of the case to this court was improper. It is on this aspect that the jurisdiction of this court is raised on plaintiff's motion to erase for want of jurisdiction. The latter transfer was objected to by plaintiff in the court below and is renewed under the scope of his aforesaid motion.
Plaintiff's claims, in the main, are two: (1) that the court below, in permitting the transfer of the case to this court, overlooked section 746f of the 1941 Supplement to the General Statutes; and (2) that in any event plaintiff's claim for damages, or the amount in demand, is $75 and therefore is under the minimum $100 jurisdiction of this court.
As to the plaintiff's first claim: Section 746f is a part of chapter 281b of the 1941 Supplement to the General Statutes. The statute reads, so far as is material to the point under consideration: "The provisions of this chapter shall not affect .... the procedure for the hearing and determination of small claims." The initial transfer of the case from the small claims docket to the regular civil docket was sanctioned by the rules of practice and under the revised charter of the City of Stamford.See Practice Book (1934) § 271, p. 83; "An Act Revising the Charter of the City of Stamford," Special Laws of 1933, No. 526, § 183, p. 1249.
It is clear, therefore, that after the case was validly transferred from the small claims docket to the regular civil docket of the Stamford Municipal Court, section 746f had no application as the case was no longer on the small claims docket. Upon its transfer to the regular civil docket of the Stamford Municipal Court, the "procedure" to be followed thereafter and the "hearing and determination" of its issues were outside the forum of the small claims court which, in point of fact, is but a division of the Stamford Municipal Court functioning on a special basis. In general, see Practice Book §§ 270-287, pp. 83-86, which relates to all small claims courts in Connecticut.
Accordingly, plaintiff's first claim is without merit.
As to plaintiff's second claim: It has already been noted that plaintiff's claim is in the amount of $75. Section 808f of the 1941 Supplement to the General Statutes confers exclusive jurisdiction on the Court of Common Pleas of "all *Page 108 
civil actions for legal relief only, wherein the matter in demand shall exceed one hundred dollars, but shall not exceed twenty-five hundred dollars."
Plaintiff argues that since the amount in demand is less than $100, this court is without jurisdiction to entertain the transfer. Standing alone, the claim appears to be sound. However, other statutes have to be considered in connection with section 808f.
In 1939 the General Assembly abolished the use of juries in the then designated "minor courts." (Sup. [1939] § 1365e.) In 1941 this statute was further amended as to certain details. (See Sup. [1941] § 741f, being a part of chapter 281b of said Supplement entitled "Municipal Courts.") It is therein provided in the latter, and controlling, statute that with the exception of actions of summary process "the defendant may, by written motion .... request a transfer of such action to the court of common pleas in the county in which such action was brought .... [and] The defendant shall pay the entry fee and jury fee in the court to which the action is transferred and such court shall enter the action upon the jury docket and shall proceed with such action in the same manner as if such action had been originally returned thereto."
It would appear, therefore, that it was the intention of the General Assembly to accord a defendant in a civil action in a municipal court, excepting a defendant in an action of summary process, the right of a jury trial by transfer of the action to the Court of Common Pleas irrespective of the amount of damages claimed or sum in demand, be it under or over $100. The Federal census of 1940 disclosed that the City of Stamford had a population well in excess of 15,000 (State Register andManual [1941] p. 327, population of Stamford in 1940: 61,215), and accordingly its Municipal Court has civil jurisdiction ranging from $1,000 down to an infinitesimal amount (Sup. [1941] § 737f) de "the matter in demand."
So also, appeals from judgments rendered in civil actions brought before a justice of the peace, except in summary process cases, are appealable "to the court of common pleas in the county in which such judgment was rendered." (Sup. [1941] § 814f.) It is to be noted that such actions returnable to a justice of the peace in the first instance are limited to a "matter in demand" not exceeding $100. (Gen. Stat. [1930] § 5437.) *Page 109 
Consequently, there are situations where the Court of Common Pleas is required to determine the issues in cases involving claims for legal relief and in which damages sought, or the amounts in demand, are under $100. This is so irrespective of section 808f of the 1941 Supplement to the General Statutes. It is clear that the latter statute, being an amendment to section 5438 of the General Statutes, Revision of 1930, is referable only to an extension of jurisdiction of Common Pleas and the increasing of the minimum jurisdiction of the Superior Court in "all civil actions wherein the relief, legal or equitable, severally and distinctly demanded, shall exceed twenty-five hundred dollars." (Sup. [1941] § 813f.)
Accordingly, plaintiff's second claim is without merit.
Attorney James A. Dougherty of Greenwich was allowed to be heard on the motion as amicus curiae. Among other things Mr. Dougherty has stressed that "it was never intended that a case involving less than $100 and perhaps as low as $5 or $10 be brought to (Common Pleas) and tried before a jury"; that the purposes of simplified procedure and prompt and inexpensive hearings would be nullified.
The short answer to these claims, and other similar claims, is that the court is bound to follow the statutes as they exist on the books. To adopt an interpretation contrary to the express language of the statutes would in reality be to "impute to the lawmakers a subtlety of discrimination which they would probably disclaim." Cortes vs. Baltimore Insular Line,Inc., 287 U.S. 367, 375, quoted in Jewett City Savings Bankvs. Board of Equalization, 116 Conn. 172, 183 and O'Dea vs.Amodeo, 118 id, 58, 65.
In conclusion the court states that it agrees with defendant that the lawmakers had in mind the declaration of rights contained in the Constitution of Connecticut (Art. 1, § 21: "The right of trial by jury shall remain inviolate") in providing for a jury trial upon transfer of a case from the regular civil docket of a municipal court to the Court of Common Pleas. The fact that a defendant, as in this case, effects two transfers (from the small claims docket to the regular civil docket of the Municipal Court, and then to this court) does not contravene the statutes. How else could the defendant obtain a jury trial? How else could the constitutional requirement de jury trial be complied with? *Page 110 
A plaintiff who returns a case to the Small Claims Court, or at the outset brings his action on the civil side of a municipal court, in point of fact does so knowing that a jury trial is not available to him therein. He waives a trial by jury. The defendant in such case is held to no waiver for he has no choice at the outset. Thereafter the defendant, by following the rules pertaining to transfer, is allowed to exercise his constitutional right to jury trial. Whether or not there should be a curtailment on a defendant's right to transfer if the amount in demand is very nominal, let us say under $20, is a matter for the Legislature to consider and not for the court to prescribe judicially.
It would appear that under the Federal rule a jury trial is only accorded as a matter of right when the amount in demand is over $20. 35 C.J. Juries § 24. But this is by virtue of the7th Amendment to the United States Constitution. The Connecticut Constitution, and amendments thereto, express no qualification. (See, particularly, Connecticut Constitution, Art. 1, § 21, supra.) Even if the General Assembly hereafter were to close the door to jury trial in cases involving a small sum of money by enacting a statute that would support the position of this plaintiff and other plaintiffs in a similar situation, such a statute may be unconstitutional. Leahey vs.Heasley, 127 Conn. 332, 336. However, this aspect is not before the court.
 Further discussion is unnecessary. The motion to erase is denied.